UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| FOREST COVE APARTMENTS, | Case No. 1:17-cv-245 |
| *Plaintiff*, | |
| v. | Judge Travis R. McDonough |
| TAISHA BELLE or occupants,[1] | Magistrate Judge Christopher H. Steger |
| *Defendant*. | |

# MEMORANDUM OPINION

Before the Court is a motion to remand filed by Plaintiff Forest Cove Apartments ("Forest Cove").[2] (Doc. 3.) For the following reasons, Forest Cove's motion is **GRANTED**.

## I. BACKGROUND

On or about August 16, 2017, Forest Cove filed a detainer action in General Sessions Court of Hamilton County, Tennessee, seeking possession of the property at issue, unpaid rent, damages, attorney's fees, and court costs. (Doc. 2, at 4.) On September 6, 2017, Belle removed the action to this Court, invoking subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 2.) On September 21, 2017, Forest Cove filed a motion to remand this case back to state court. (Doc. 3.) Belle has not filed a response, and the time for filing a response has now lapsed.

---

[1] Defendant Taisha Belle mislabeled her notice of removal, listing herself as the plaintiff and Wagner and Weeks, PLLC and Forest Cove Apartments as defendants. The detainer proceeding against Belle was filed by Forest Cove Apartments in General Sessions Court of Hamilton County, Tennessee. (Doc. 2, at 4.) Wagner and Weeks was listed as the attorney for the plaintiff Forest Cove Apartments in that action and is, therefore, not a party in this case. (*Id.*)

[2] The motion to remand was filed by HTG Chattanooga II, LLC, which owns and does business as Forest Cove Apartments. (Doc. 4, at 1 n.1.)

## II. STANDARD OF LAW

Generally, a defendant may remove to federal court any civil action over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing that the district court has original jurisdiction over the matter by a preponderance of the evidence. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation and internal quotation marks omitted). Because Belle is proceeding *pro se*, however, her filings will be "be held to less stringent standards than formal pleadings drafted by lawyers" and, therefore, will be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

## III. ANALYSIS

Belle removed this case pursuant to 28 U.S.C. § 1331, which provides for federal-question jurisdiction. (Doc. 2.) She asserts that Forest Cove's detainer proceeding was "brought under the Federal Fair Debt Collection Practices Act" ("FDCPA") and that Forest Cove "continues to mislead the court by pleading state law claims that actually arise under federal law." (*Id.* at 1.) Belle also asserts that Forest Cove's detainer proceeding was brought in violation of the FDCPA. (*Id.*)

Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Belle, however, appears to be invoking the "artful-pleading" exception to the well-pleaded complaint rule. Under the artful-pleading doctrine, plaintiffs "may not avoid removal jurisdiction by artfully casting their essentially federal claims as state-law claims." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citations and internal quotation marks omitted).

Here, Forest Cove does not assert any federal claims in its detainer proceeding. The detainer proceeding was brought pursuant to Tennessee Code Annotated §§ 29-18-101 to 134, which specifically grants jurisdiction to General Sessions courts in § 29-18-107. Nothing in the detainer proceeding suggests it is disguising a claim under the FDCPA as a detainer action. With respect to Belle's assertion that Forest Cove's detainer proceeding is in violation of the FDCPA, a defense based on federal law is not sufficient to confer federal jurisdiction.[3] *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 269 (6th Cir. 2007). Accordingly, any defense Belle is attempting to raise under the FDCPA is insufficient to confer federal-question jurisdiction upon this Court.

Finally, though Belle's notice of removal did not address it, diversity jurisdiction exists under 28 U.S.C. § 1332 when the action is between citizens of different states and the matter in controversy exceeds $75,000. Belle is a citizen of Tennessee. (Doc. 2, at 5.) Therefore, even assuming the parties are diverse, as a home-state defendant, Belle may not remove this action. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the

---

[3] An exception to this rule exists "where federal law completely preempts state law on the relevant subject matter . . . ." *Klepsky*, 489 F.3d at 269. But the FDCPA does not completely preempt state-law detainer proceedings. "The Supreme Court has found complete preemption in only three classes of cases: Section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185; the Employee Retirement Income Security Act of 1975 (ERISA), 29 U.S.C. §§ 1001–1461; and the National Bank Act, 12 U.S.C. § 38." *Mikulski*, 501 F.3d at 563–64 (citation omitted).

jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") Accordingly, the Court lacks subject-matter jurisdiction over this action and will **REMAND** the case to Hamilton County General Sessions Court.

   IV.   **CONCLUSION**

For the foregoing reasons, Forest Cove's motion to remand (Doc. 3) is **GRANTED**. An appropriate order will enter.

   **SO ORDERED.**

                                                                        */s/ Travis R. McDonough*
                                                                         **TRAVIS R. MCDONOUGH**
                                                                         **UNITED STATES DISTRICT JUDGE**